**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| BRAULIO JOEL ZAMBONINO, | ) |
| Petitioner | ) |
| v. | ) No. 03-CV-04676 |
| UNITED STATES OF AMERICA, | ) HONORABLE DAVID H. COAR |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Before this Court is a motion to vacate, set aside, or correct a sentence filed by Braulio Joel Zambonino ("Petitioner") pursuant to 28 U.S.C. §2255 . For the reasons set forth below, this motion is DENIED and this case is DISMISSED with prejudice.

**BACKGROUND**

On February 14, 2002, Petitioner was indicted for three counts of knowingly and intentionally distributing 3,4-Methylenedioxymethamphetamine ("MDMA," commonly known as "ecstasy"), in violation of 21 U.S.C. § 841(a)(1). Petitioner plead guilty on all three counts without a plea agreement. Petitioner was then sentenced by this court according to the Federal Sentencing Guidelines ("Guidelines") to 51 months imprisonment. In addition, the government asked for restitution of $7,400 in "buy money" that had been paid to the Petitioner over the course of investigating his crimes. This restitution was awarded under 18 U.S.C. § 3583(d), in addition to a standard assessment of $100 per count of his plea under 18 U.S.C. § 3013.

On September 5, 2003, Petitioner filed a habeas petition in this Court.

# **STANDARDS**

Federal courts may grant a motion attacking a sentence in a federal court by establishing that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the statutory maximum, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Federal prisoners can challenge the imposition or length of their detention if their conviction or sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that such a defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## ANALYSIS

As a threshold matter, Petitioner appears to be in procedural default because he has failed to bring his § 2255 claims on direct appeal. "An issue not raised on direct appeal is barred from collateral review absent a showing of both good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 165 (1982) (holding that the Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal"); *Fountain v. United States*, 211 F.3d 429, 432 (7th Cir. 2000) ("Claims not raised on direct appeal are barred from collateral review unless upon review, [the court has] been convinced that a failure to consider the issue would amount to a fundamental miscarriage of justice."). Petitioner does not assert good cause for failing to raise these claims through an appellate process, and the fact that Petitioner already conceded his guilt in this matter argues against finding a fundamental miscarriage of justice. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (finding miscarriage appropriate where "a constitutional violation has probably resulted in the conviction of one who is actually innocent").

Petitioner offers two possible grounds for supporting his claim for habeas relief. First, he alleges that he suffered from ineffective assistance of counsel in violation of his constitutional right to a fair trial for his attorney's failure to raise an *Apprendi* argument. Second, he argues that his counsel at trial was also ineffective for failing to contest the award of restitution. In order to succeed with his ineffective assistance of counsel claim, Plaintiff must show (1) that his lawyer's performance fell below an objective standard of reasonableness and (2) that but for

counsel's deficient performance, there is a reasonable likelihood that the outcome would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Even assuming that Petitioner was not procedurally defaulted, this Court would deny his petition for the following reasons:

### *Ground I: Counsel's Failure to Demand that Jury Find Drug Amount*

Petitioner was eligible for a sentence of up to sixty years for the amount of drugs that he possessed. This Court imposed a fifty-one month sentence, well below the statutory maximum. Now Petitioner argues that his counsel was ineffective for failing to argue that a jury should have determined the amount of drugs in his possession before his sentence was calculated. This argument fails to establish ineffective assistance of counsel under the *Strickland* standard.

For support, Petitioner cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000). It is unsurprising that counsel opted not to present this argument, given that the law in this court at the time of the sentencing was as stated in Leonard: "*Apprendi* does not apply in cases where the actual sentence imposed is less severe than the statutory maximum." *U.S. v. Leonard*, 289 F.3d 984, 989 (7th Cir. 2002); *see also United States v. Watts,* 256 F.3d 630, 634 (7th Cir. 2001); *United States v. Jones,* 245 F.3d 645, 649 (7th Cir. 2001) ("We have repeatedly held that when a defendant is sentenced to a term of imprisonment within the statutory maximum for the crime of which he is convicted, *Apprendi* is beside the point.") (internal citations omitted). Counsel can hardly be faulted for failing to move beyond then-settled law, nor should he have been expected to anticipate subsequent changes to the application of the Federal Sentencing Guidelines. *Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law, or to press meritless arguments before a court.")

(citation omitted); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."). At the time of sentencing, any argument contrary to *Leonard* would have been groundless, and groundless arguments cannot be the basis for a finding of ineffective assistance of counsel. *See United States v. Evans*, 92 F.3d 540, 544 (7th Cir. 1996), *cert. denied*, 519 U.S. 1020 (1996).

In the absence of a *Strickland* violation based on *Apprendi*, all that remains of Petitioner's argument is a meritless attack on sentence calculation under the guidelines, one that in any event can only be raised on direct appeal. *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). Given that *Apprendi* did not apply in this case, this Court will not determine that counsel "fell below an objective standard of reasonableness" for failing to raise that argument. Failure to bring these claims does not indicate that Petitioner's counsel failed to meet a standard of reasonableness, and regardless, Petitioner has presented nothing to show that he was prejudiced at trial by the performance of his attorney. *See Strickland*, 466 U.S. 668.

### *Ground II: Counsel's Failure to Argue Against Restitution and Fine*

This claim is inappropriately brought under 28 U.S.C. § 2255, as it does not relate to the Petitioner's custody. *See Barnickel v. United States*, 113 F.3d 704 (7th Cir. 1997). In Barnickel, the Seventh Circuit upheld the denial of a petitioner's motion challenging ordered restitution via § 2255. *Id.* The court found that denial was appropriate for two independent reasons: "First, her challenges to the sentence are neither based on the Constitution nor do they otherwise rise to the level of fundamental error necessary for § 2255 relief; and second, her arguments on appeal

relate only to the restitution component of her sentence, which is also not cognizable under § 2255." *Id.* at 704.  Even if Petitioner's achieves some limited success couching his argument in constitutional terms via ineffective assistance of counsel, under § 2255 this court can offer no appropriate remedy; if the restitution order must be changed in light of Petitioner's alleged indigence, that change would involve altering the terms or amount of payments and cannot be accomplished via a cause of action based upon "the right to be released." *See* 28 U.S.C. § 2255; *U.S. v. Zaragoza*, 16 F.Supp.2d 1111, 1111-12 (N.D. Ind. 1998) (finding that, under *Barnickel*, § 2255 afforded the court no remedy for a restitution challenge).  This court has no jurisdiction to revisit the issue of restitution under § 2255.

## Conclusion

For the foregoing reasons, Petitioner's request for post-conviction relief is DENIED.  This case is CLOSED.  All other motions are MOOT and TERMINATED.

Enter:

/s/ David H. Coar  
David H. Coar  
United States District Judge

Dated: **September 29, 2006**